**STATE**

v.

**John DOE et al.**

**Nos. 2008–36–C.A., 2008–38–M.P.**

Supreme Court of Rhode Island.

July 10, 2008.

Aaron Weisman, Providence.

Barbara Hurst, Providence.

**O R D E R**

This case was argued before the Supreme Court on May 13, 2008, on an appeal, as well as a petition for writ of certiorari and cross-petition for certiorari, in connection with *State v. Greenberg,* No. 2008–38–M.P., 951 A.2d 481 (R.I.2008), a case that was consolidated with *State v. Doe,* No. 2008–36–C.A., for decision by the Superior Court, and *Chartier v. State,* No. 2008–6–M.P., and *State v. Chartier,* No. 2007–371–M.P., 951 A.2d 481 (R.I.2008), relating to a decision from the District Court also before this Court on certiorari. These cases were consolidated for decision by this Court.

Upon review of the papers in this case, including the Superior Court case file, the justiciability of this case is called into question. There is nothing before this Court that satisfies the requirement of Rule 3 of the Superior Court Rules of Civil Procedure that provides that "[a] civil action is commenced (1) by filing a complaint with the court * * *." Although the Superior Court Civil Case Cover Sheet characterizes this case as a "miscellaneous petition," there was no civil complaint or answer filed in the Superior Court, nor was there a request for declaratory or injunctive relief upon which the trial justice could decide the question of subject-matter jurisdiction of the Superior Court.

Further, and significantly, upon request of the clerk of the Supreme Court, the parties have failed to identify John Doe, or explain how John Doe came before the Superior Court. This Court also has not been provided with a corresponding criminal information or indictment relating to anyone identified as John Doe.

Accordingly, the following order shall enter:

1. The order consolidating this case with *State v. Greenberg,* No.2008–38–M.P., *Chartier v. State,* No.2008–6–M.P., and *State v. Chartier,* No.2007–371–M.P., 951 A.2d 481 (R.I.2008), is vacated.

2. The parties are directed, within ten (10) days of this order, to show cause why this case should not be dismissed as non-justiciable due to the fact that it does not present an actual case or controversy.